IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, # 177281,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Civil Action No. 3:10cv4-MEF |
| ) | (WO) |
| J.C. GILES, *et al.*,   ) | |
| ) | |
| Respondents.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

State inmate James Calvin Frazier ("Frazier") is before this Court with his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By his petition, which he filed on December 16, 2009, Frazier challenges misdemeanor convictions for driving under the influence ("DUI"), speeding, and driving with a revoked license, entered pursuant to a guilty plea in April 2009 in the District Court of Lee County, Alabama.[1] Frazier contends that his prosecution for these offenses was barred by the statute of limitations and that he was convicted in violation of his right to a speedy trial. In addition, he contends he was denied his right to appeal from his convictions in district court for a trial *de novo* in the circuit court. Doc. No. 1 at 2-6. For the reasons indicated below, Frazier is not entitled to federal habeas relief.

---

[1]As discussed *infra*, Frazier also purports to challenge his present sentence for a different offense (felony DUI), which he says was enhanced by the (allegedly invalid) misdemeanor DUI conviction.

## II. DISCUSSION

Frazier indicates in his petition that the sentences imposed by the Lee County District Court in April 2009 for his misdemeanor DUI, speeding, and driving-while-revoked convictions have expired. *See* Doc. No. 1 at 1. On the face of his petition, then, it appears that his current incarceration is not based on these convictions. Frazier states that his current incarceration is based on his conviction, in 2007, for felony DUI in Chilton County, Alabama. However, he contends that his misdemeanor DUI conviction in Lee County, in 2009, was one of the "prior convictions" used to enhance the DUI charge in Chilton County to felony DUI.[2] Doc. No. 9 at 1-2.

Federal district courts have jurisdiction to entertain § 2254 habeas petitions only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 18 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). The Supreme Court has stated that § 2254's "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

Where a petitioner's sentence has fully expired, he does not meet § 2254's "in custody" requirement; the mere possibility that the prior conviction will be used to enhance

---

[2] Under Section 32-5A-191(h) of the Alabama Code, a person convicted of a fourth or subsequent DUI offense is guilty of a felony, "felony DUI," punishable by not less than one year and one day nor more than 10 years. Ala. Code § 32-5A-191(h) (1975).

a sentence imposed for any subsequent crime is not enough to render him "in custody." *Id*. at 492. The Supreme Court has acknowledged, however, that when a § 2254 petition could be construed as asserting a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction.[3] *Id*. at 493-94.

As noted above, Frazier contends that his 2009 misdemeanor DUI conviction in Lee County was one of the "prior convictions" used to enhance the DUI charge in Chilton County to a felony DUI. He argues that he may therefore challenge the Lee County DUI conviction through the instant habeas action, because he is effectively challenging his present sentence as enhanced by the allegedly invalid prior conviction. The problem with Frazier's claim is that, self-evidently, a conviction entered in 2009 (i.e., his misdemeanor DUI conviction in Lee County) could not, in fact, have been used to enhance a conviction entered *two years earlier*, in 2007 (i.e., his felony DUI conviction in Chilton County). Because the sentence imposed on Frazier in 2007 was not enhanced by the conviction obtained in 2009, Frazier does not meet the "in custody" requirement for purposes of his challenge to his expired 2009

---

[3] However, the mere fact that a prior conviction was used to enhance a present sentence does not entitle the prisoner to challenge the prior conviction. A prisoner may properly use a § 2254 petition to challenge a prior expired state conviction used to enhance a current sentence *only* where counsel was not appointed in the prior conviction in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 404-05 (2001); *see also Daniels v. United States*, 532 U.S. 374, 382-84 (2001). Moreover, a petitioner seeking relief under this exception must still satisfy the procedural prerequisites for § 2254 relief. *Lackawanna*, 532 U.S at 404. Because, as noted in this Recommendation, Frazier does not satisfy the "in custody" requirement for § 2254 relief, it is unnecessary for this Court to inquire into whether he lacked counsel in the 2009 conviction in violation of *Gideon* or whether he otherwise satisfied the procedural requisites for § 2254 relief.

conviction.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied and this case dismissed with prejudice, as this Court lacks jurisdiction to consider Frazier's claims for relief.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 3, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 19th day of September, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE